Booth, Judge,
delivered the opinion of the court.
The record in this case discloses a state of facts of such a nature that the court is compelled to dismiss the same for want of jurisdiction. The case itself is meritorious, but the jurisdictional issue bars relief. The court may not enter into a review of political and social conditions to ascertain what is an apparent, open, notorious, and proven fact, viz, that a citizen of the United States was not at the time of filing this suit accorded the right to prosecute a claim he may have had against Eussia in the courts of that country. The plaintiff itself concedes this fact but seeks to avoid it on the supposed hypothesis that because the Government of the- United States has not recognized the present Government in Eussia we are to presume the continuance of the Government preceding the present régime and the status quo of its judicial department, notwithstanding the fact that the plaintiff company itself was compelled to flee in haste to a foreign country in order to preserve its assets and conduct its ordinary business, free from the dangers of a successful revolution. However interesting and inviting the discussion might be, we are of the opinion that in the present instance our jurisdiction depends upon the ascertainment of an existing and easily provable fact. The case having been remanded to afford an opportunity to prove the fact, and the proof being sufficient, nothing is left for the court to do other than to enter an order of dismissal. As before observed, the case itself is manifestly meritorious and but for the lack of jurisdiction would undoubtedly result in substantial relief to the plaintiff company. The contentions advanced to sustain the case in this court might with much more propriety *182 be addressed to Congress, the only tribunal with jurisdiction to entertain them.
Under section 155 of the Judicial Code the court is without jurisdiction of this claim and the petition is dismissed. It is so ordered.